Eastern District of Kentucky
FILED
JAN 10 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 06-153-JBC

DONALD J. WIGG,                          PETITIONER

V.            **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

RANDY STOVALL, Warden                       RESPONDENT

\* \* \* \* \*

## I. INTRODUCTION

Petitioner, Donald J. Wigg, pro se, filed a petition for a writ of habeas corpus in this district on May 16, 2006. [DE #1]. On September 15, 2006, the Respondent moved to transfer this action to the United States District Court for the District of Vermont, or alternatively, to serve the Vermont Commissioner of Corrections [DE #10]. Petitioner filed no response to the foregoing motion, and the time for responding thereto has expired. Thus, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

### A.     Standard of Review

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

B.  **Prerequisites for federal habeas corpus review**

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody"; (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time petitioner filed this habeas petition, he was an inmate at Lee Adjustment Center in Beattyville, Kentucky.[1] However, petitioner was not convicted in a state court in Kentucky; he was convicted in a state court in Vermont, specifically, the Windham Circuit Court in Brattleboro, Vermont. In the present action, petitioner is challenging the legality of this conviction received in the Vermont state court.

Subsequent to the filing of this action, petitioner was transferred from the Lee Adjustment Center to the Southern State Correctional Facility in Springfield, Vermont. Thus, petitioner is no longer confined in a penal institution in Kentucky.

C.  **Respondent's motion to transfer**

Respondent moved to transfer this action to the District of Vermont on the grounds that since petitioner was convicted in the State of Vermont and is challenging the legality of that conviction, the person with legal custody of the petitioner is the Commissioner of Corrections of the State of Vermont ( See 28 V.S.A. § 701(a)), and that he is presently only the physical custodian of petitioner, with no authority, without involvement of the Attorney General of Vermont, to address the merits of petitioner's habeas petition. Alternatively, relying on *Dillworth v. Barker*, 431 F.2d 409 (5th Cir. 1972), which respondent submitted was applicable by analogy, respondent urged the court to transfer this action to the District of Vermont for reasons of *forum non conveniens*.

---

[1] Lee Adjustment Center is a private institution owned by the Corrections Corporation of America.

2

As previously stated, petitioner filed no response to respondent's motion to transfer to the District of Vermont.

### Discussion/Analysis

Respondent's motion to transfer was filed prior to the date petitioner was transferred from Lee Adjustment Center in Beattyville, Kentucky, to the Southern State Correctional Facility in Springfield, Vermont. As respondent points out, at that time he was only the physical custodian of the petitioner, rather than the legal custodian, and had no knowledge of petitioner's underlying criminal conviction received in Vermont and no authority to respond to the merits of petitioner's habeas petition. Thus, even if petitioner were still an inmate at Lee Adjustment Center, a transfer of this action to the District of Vermont would be appropriate on the grounds of *forum non conveniens*. However, the subsequent transfer of the petitioner to the Southern State Correctional Facility in Springfield, Vermont, is yet an additional reason to transfer this action to the District of Vermont, since petitioner is no longer in custody in a state penal institution in Kentucky.

For all of the foregoing reasons, the Magistrate Judge is persuaded by respondent's motion that this action should be transferred to the District of Vermont.

### III. CONCLUSION

Based on a review of the petitioner's habeas petition and applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that respondent's motion to transfer this action to the District of Vermont should be granted.

Accordingly, **IT IS RECOMMENDED** that Respondent's motion to transfer this action to the United States District Court for the District of Vermont [DE #10] be **GRANTED**, that all other motions (petitioner's motion for bail pursuant to Rule 9 of the Federal Rules of Appellate Procedure [DE #16], petitioner's motion to stay pursuant to 28 U.S.C. §§ 2251, 1291 [DE #17], and petitioner's motion for default judgment [DE #20]), be **PASSED** to the District of Vermont, and that this action be **DISMISSED** and **STRICKEN** from the docket.

3

The Clerk of the Court shall forward a copy of this Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 9th day of January, 2007.

_____
JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

4