UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Donald J. Wigg,                    :
        Petitioner,                :
                                   :
    v.                             :        File No. 1:07-CV-67
                                   :
Robert Hofmann,                    :
Commissioner, Vermont             :
Department of Corrections,        :
        Respondent.               :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 16, 17, 20, 24 and 35)

*Pro se* petitioner Donald Wigg, formerly a Vermont inmate,

has filed a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  Wigg originally filed his petition in the

United States District Court for the Eastern District of

Kentucky.  In March 2007, Wigg's petition and associated

motions were transferred to this Court.  Those motions include

a motion for bail, a motion to stay, a motion for default

judgment, and a motion for intervention and enforcement.

On July 30, 2007, the respondent answered and moved to

dismiss on grounds of lack of exhaustion and procedural

default.  Wigg, who informs the Court that he is no longer

incarcerated but remains "a part of the D.O.C. and the State"

because he is a registered sex offender, has opposed the

motion.  For the reasons set forth below, I recommend that all

pending motions be DENIED and that the Court institute a

briefing schedule.

Factual and Procedural Background

On October 9, 2003, Wigg was sentenced in state court to 18 months to five years in prison after a jury convicted him of lewd and lascivious conduct with a minor.  Wigg appealed his conviction to the Vermont Supreme Court.  He raised three claims in his direct appeal: (1) that his presumption of innocence was violated when the trial court allowed a police detective to repeatedly refer to the complainant is the "victim" during testimony; (2) that the trial court abused its discretion in excluding testimony from his expert witness with regard to the interviewing techniques used by investigators; and (3) that he was entitled to acquittal because the jury verdict convicting him of lewd and lascivious conduct was inconsistent with his acquittal on a charge of sexual assault.  State v. Wigg, 179 Vt. 65, 67 (2005).  On July 29, 2005, the Vermont Supreme Court affirmed his conviction.  Wigg moved for re-argument, and on October 6, 2005, the motion was denied.

Wigg later filed a second appeal challenging the State of Vermont's requirement that he provide a DNA sample.  The Vermont Supreme Court again ruled in favor of the State.  State v. Wigg, __ Vt. __, 928 A.2d 494 (2007) ("DNA case").

While incarcerated at the Lee Adjustment Center in Beattyville, Kentucky, Wigg initiated this § 2254 proceeding contesting his 2003 conviction.  As noted above, the action was commenced in Kentucky and subsequently transferred here. Wigg's petition raises two of the issues set forth in his direct appeal before the Vermont Supreme Court, and also challenges that court's denial of his motion for re-argument. The petition does not raise the DNA issue.

## Discussion

Excluding the petition itself, five motions are currently pending before the Court.  The first is Wigg's motion for bail.  Given that Wigg is no longer incarcerated, this motion (Paper 16) is DENIED as moot.

The next is Wigg's motion to stay his appeal in the DNA case.  The motion was filed in Kentucky federal court on October 10, 2006, and the Vermont Supreme Court ruled against Wigg in the DNA case on May 24, 2007.  Consequently, I recommend that his motion to stay (Paper 17) be DENIED as moot.

Wigg has also moved for a default judgment.  The motion was filed in Kentucky on December 15, 2006.  Kentucky counsel opposed the motion, noting that a motion to transfer had been

pending since September 15, 2006.  In March 2006, the case was transferred to this Court, along with the pending motion for default, and the Court ordered that a copy of the petition be served upon the Office of the Vermont Attorney General.  After receiving an extension of time in which to file an answer, the respondent timely filed an answer and motion to dismiss.  In light of these facts there has been no default, and I recommend that the motion (Paper 20) be DENIED.

Wigg's latest motion is a request for "Intervention and Enforcement pursuant to the 28 U.S.C.A. § 2251 Motion."  As with his motion to stay, this motion seeks to stop the State of Vermont from moving forward with the DNA case.  The motion also seeks to prevent any "wrongful arrest" in the event that he were to move to Connecticut "in the next few days" and fail "to provide DNA or to Register."  The motion was filed in Kentucky on January 25, 2007.  Given that the DNA case has now been heard by the Vermont Supreme Court, any effort to stay that case is moot.  Wigg's fear of an arrest while that appeal was pending, and/or during his first few days in Connecticut, is also moot.  I therefore recommend that the motion (Paper 24) be DENIED.

Finally, the respondent has moved to dismiss the petition

on the basis of lack of exhaustion and procedural default.
The respondent first argues that Wigg's claims are not
exhausted because he has not availed himself of state post-
conviction relief.  This argument is misplaced.

Each of Wigg's first two claims were presented in his
direct appeal to the Vermont Supreme Court.  The third was
presented in his motion for re-argument.  The United States
Supreme Court has repeatedly held that a § 2254 petitioner
need present his claims only once to the highest state court.
See, e.g., Castille v. Peoples, 489 U.S. 346, 349-50 (1989);
Roberts v. LaVallee, 389 U.S. 40, 42-43 (1967).  As stated in
Castille, "once the state courts have ruled upon a claim, it
is not necessary for a petitioner to ask the state for
collateral relief, based upon the same evidence and issues
already decided by direct review."  489 U.S. at 350 (internal
quotations and citation omitted).  Accordingly, the
respondent's argument that Wigg's claims are unexhausted
because he has failed to seek collateral review in state court
is without merit.

The respondent further contends that Wigg's third claim,
challenging the Vermont Supreme Court's denial of his motion
for reconsideration, is procedurally barred.  On the first two

issues in Wigg's direct appeal, the Vermont Supreme Court found that the trial court had committed error but that the errors were each harmless.  In his motion for re-argument, Wigg argued that the Vermont Supreme Court had failed to consider the cumulative effect of those errors.  The Vermont Supreme Court denied the motion for re-argument, finding that Wigg had "fail[ed] to identify points of law or fact overlooked or misapprehended by this Court."  (Paper 1-11 at 5).

The respondent now suggests that Wigg was raising a new claim, and that Vermont procedural law bars new claims in a motion for re-argument.  The Vermont Supreme Court's order on re-argument, however, states that Wigg did not raise any new "points of law or fact," thus implying that his argument had been considered.  Accordingly, it may be appropriate to view the claim as exhausted.  In any event, the mere fact that the argument was not raised properly on direct appeal does not automatically bar the claim under Vermont law.  See, e.g., In re Nash, 149 Vt. 63, 64 (1987).

The parties are invited to brief issues related to exhaustion and procedural default, as well as the merits of Wigg's third claim, if necessary, in future filings.  For

present purposes, the Court should not dismiss Wigg's claim as procedurally defaulted.  Because it is not clear that any claims are either unexhausted or procedurally defaulted, I recommend that the respondent's motion to dismiss (Paper 35) be DENIED.

Because I am recommending denial of the motion to dismiss, a briefing schedule may be necessary.  If the Court adopts this Report and Recommendation, I recommend that the respondent be required to submit a brief within 30 days of the Court's order, and that Wigg's brief be due 30 days after service of the respondent's brief.  Any reply memorandum shall be due within 10 days after Wigg's brief is served, and shall not exceed 10 pages absent leave of the Court.  The respondent shall provide the Court with all relevant transcripts in a timely manner.

Conclusion

For the reasons set forth above, Wigg's motion for bail (Paper 16) is DENIED as moot.  Further, I recommend that his motion for stay (Paper 17), motion for default judgment (Paper 20), motion for intervention and enforcement (Paper 24), and the respondent's motion to dismiss (Paper 35) be DENIED, and that the Court institute a briefing schedule.

Dated at Burlington, in the District of Vermont, this 31st day of October, 2007.


/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).