```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF VERMONT


Donald J. Wigg,                     :
       Petitioner,                  :
                                    :
     v.                             :    File No. 1:07-CV-67
                                    :
Robert Hofmann,                     :
Commissioner, Vermont               :
Department of Corrections,          :
       Respondent.                  :
_____:
```

<u>RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>
(Paper 39)

Now pending before the Court are Magistrate Judge Niedermeier's Report and Recommendation filed November 2, 2007 (Paper 39) and the Petitioner's Objections (Papers 40 and 41). Upon <u>de novo</u> review, the Court concludes there is no merit to the arguments raised in Petitioner's objection to the denial of his motion for default judgment (Paper 20).

Accordingly, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED as to Papers 17, 20 and 35.  <u>See</u> 28 U.S.C. § 636(b)(1).  Petitioner's motion for stay (Paper 17) and motion for default judgment (Paper 20) are DENIED.  Respondent's motion to dismiss (Paper 35) is DENIED.

The Magistrate Judge recommends that Petitioner's motion for intervention and enforcement (Paper 24) be denied as moot. Petitioner objects, asserting a stay of the trial court's order compelling a DNA sample is still possible. The Court addresses

1

this motion substantively and finds Petitioner's circumstances do not meet the requirements for a stay of execution.

Petitioner maintains the appropriateness of a stay of execution depends on: "whether movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest." (Paper 41, quoting In re Holladay, 331 F.3d 1169, 1176 (11th Cir. 2003).  Petitioner fails to show a likelihood of success on the merits or irreparable injury if the stay is not granted.  Wigg points to the "constitutional infirmity of the underlying conviction" and asserts the Vermont Supreme Court erred in affirming that conviction.  This does not demonstrate a likelihood of success on the merits.  Further, if the writ of habeas corpus is granted, the DNA sample can be destroyed.  Therefore, it is apparent Petitioner will not suffer irreparable injury even if the stay is not granted.

Accordingly, Petitioner's motion for intervention and enforcement (Paper 24) is DENIED.

This matter is returned to Magistrate Judge Niedermeier for further proceedings, including the establishment of a briefing schedule.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 28th day of December, 2007.

                                          /s/ J. Garvan Murtha
                                          J. Garvan Murtha
                                          United States District Judge