UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

DONALD J. WIGG,                         :
      Petitioner,              :
                               :
    v.                              :          File No. 1:07-CV-67
                               :
ROBERT HOFMANN,                         :
Commissioner, Vermont                   :
Department of Corrections,              :
      Respondent.              :

ORDER
(Doc. 66)

I.  Background

Donald Wigg brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 following his 2003 conviction in the State of Vermont for lewd and lascivious conduct with a minor.  Wigg was sentenced in state court to eighteen months to five years in prison.  Petitioner challenges his conviction on three grounds: (1) the presumption of his innocence was violated when the trial court permitted a police detective to repeatedly refer to the complainant as the "victim" during testimony; (2) the trial court abused its discretion in excluding case-specific testimony from his expert witness on how interviews of the complainant failed to satisfy the scientifically-suggested protocol to ensure accurate responses; and (3) "He was arbitrarily denied due process of law by the Vermont Supreme Courts' (sic) refusal to grant reargument because the Court in explicitly recognizing error of a

1

constitutional magnitude did not weigh the combined harmful effects of the recognized error."

On direct appeal, the Vermont Supreme Court concluded the trial court erred by allowing the complainant to be referred to as "victim" and by excluding the case-specific expert testimony. The court held the errors were harmless, and therefore affirmed his conviction. <u>Vermont v. Wigg</u>, 179 Vt. 65 (2005). The court did not explicitly address Wigg's third "cumulative effect" argument on direct appeal, but subsequently denied his motion for re-argument, finding Wigg "failed to identify points of law or fact overlooked or misapprehended by the Court."

On January 20, 2009, the Honorable John M. Conroy, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 66) responding to Wigg's habeas petition. The R&R recommends this Court find Wigg properly exhausted each of his claims before the state court but deny Wigg's habeas petition. There was no objection to the R&R's finding that Wigg properly exhausted his claims. Wigg, however, filed a timely objection ("Objection") to the R&R's recommended denial of his habeas petition and raises the following three issues: (1) the Vermont Supreme Court applied the incorrect standard to analyze whether the evidentiary errors committed at his trial were harmless; (2) the R&R also applied an incorrect harmless error standard; and (3) an objection to the R&R's finding that the errors' cumulative

2

effect did not have a substantial and injurious effect on the trial verdict.

When a party objects to the Magistrate Judge's Report and Recommendation, the Court reviews the record de novo. See 28 U.S.C. § 636(b)(1). After review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Having reviewed the record de novo and considered Petitioner's objections, this Court AFFIRMS, APPROVES and ADOPTS the R&R's recommendations that this Court (1) find Wigg properly exhausted each of his claims before the state court, and (2) deny Wigg's habeas petition, but REJECTS and MODIFIES the R&R as described below to reflect the correct standard of review and burden of persuasion. See 28 U.S.C. § 636(b)(1).

II. Discussion

A. Standard of Review

Wigg's objections relate primarily to the standards applied and analysis involved in the Vermont Supreme Court's and R&R's harmless error determinations. The Court therefore sets forth below the applicable standards for harmless error review and briefly addresses each of Wigg's objections.

On direct review, a criminal conviction may be sustained in the face of constitutional error only where the error is "harmless beyond a reasonable doubt." Chapman v. California, 386

3

U.S. 18, 24 (1967).  In habeas proceedings, however, where a

federal court conducts collateral review of a state criminal

judgment under § 2254, the court must assess the prejudicial

impact of constitutional error according to the standard set

forth in Brecht v. Abrahamson, 507 U.S. 619 (1993).  Fry v.

Pliler, 551 U.S. 112, 127 S. Ct. 2321, 2325 (2007).  Under

Brecht, "an error is harmless unless it had substantial and

injurious effect or influence in determining the jury's verdict."

Brecht, 507 U.S. at 631.  This standard applies "whether or not

the state appellate court recognized the error and reviewed it

for harmlessness under the 'harmless beyond a reasonable doubt'

standard set forth in Chapman . . . ."  Fry, 127 S. Ct. at 2328.

Three years after Brecht, the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA") amended § 2254 by creating

preconditions to the grant of habeas relief.  Fry, 127 S. Ct. at

2326-27.  Under AEDPA, § 2254 habeas petitions may not be granted

unless the state court's decision was "contrary to, or involved

an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States" or "was

based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding." 28 U.S.C.

§ 2254(d).  Therefore, even "when a state court determines that a

constitutional violation is harmless, a federal court may not

award habeas relief under § 2254 unless the harmlessness

determination itself was unreasonable." <u>Fry</u>, 127 S. Ct. at 2326.

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of Supreme Court case law if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> To qualify as "unreasonable," it must be objectively unreasonable, a substantially higher threshold than merely incorrect. <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939, 1942 (2007). Claims not adjudicated by a state court on the merits are reviewed <u>de</u> <u>novo</u> based on the record before the Court. <u>See</u> <u>Cotto v. Herbert</u>, 331 F.3d 217, 230 (2d Cir. 2003).

The Supreme Court has recognized <u>Brecht</u>'s "substantial and injurious effect" standard, which requires "actual prejudice" to grant habeas relief, is narrower, and therefore "subsumes," "the more liberal AEDPA/<u>Chapman</u> standard which requires only that the state court's harmless-beyond-a-reasonable-doubt determination be unreasonable." <u>Fry</u>, 127 S. Ct. at 2327. Accordingly, "it

certainly makes no sense to require formal application of <u>both</u>

tests (AEDPA/<u>Chapman</u> and <u>Brecht</u>)" and therefore courts may simply

"apply the <u>Brecht</u> standard of review in assessing the prejudicial

impact of federal constitutional error in a state-court criminal

trial." <u>Id.</u>

     B. <u>Merits of Wigg's Objections</u>

          1.   <u>Harmless Error Standard Applied by the Vermont</u>
               <u>Supreme Court</u>

Wigg first argues the R&R fails to note the Vermont Supreme

Court's decision initially cited the correct standard for

harmless error, but later used the "incorrect converse standard."

Document 67 at 2-3. Wigg points to the R&R's conclusion that the

Vermont Supreme Court "found that the erroneous limitation on Dr.

Kinsler's testimony was <u>not harmful beyond a reasonable doubt</u>."

Document 66 at 22 (emphasis added). This argument has no merit.

The Vermont Supreme Court's decision stated, "We therefore hold

that the erroneous exclusion of the expert's case-specific

testimony critiquing the interview techniques used in questioning

B.M.Y. was <u>harmless beyond a reasonable doubt</u>." <u>Vermont v. Wigg</u>,

179 Vt. 65, 80, 889 A.2d 233, 244 (2005) (emphasis added).

Wigg's case was on direct review, and therefore the Vermont

Supreme Court applied the correct "harmless beyond a reasonable

doubt" standard. <u>See</u> <u>Chapman v. California</u>, 36 U.S. at 24.

2. <u>Harmless Error Standard Applied by the R&R</u>

Wigg next argues the R&R does not "show how the error probably had anything less than a 'substantial and injurious effect' on the jury's determination, although it quotes this standard from <u>Brecht v. Abrahamson</u>." Document 67 at 4. The Court interprets this objection to mean the R&R recites the <u>Brecht</u> standard, but does not apply it to the facts. Wigg also argues the R&R wrongly shifts to him the burden of proving "substantial and injurious effect or influence," when the burden should be on the State. Document 67 at 4-5. The Court considers below the R&R's harmless error analysis for each of Wigg's habeas claims.

As to the R&R's analysis of Wigg's first claim regarding references to the complainant as "victim," the Court finds the R&R recites but does not apply the <u>Brecht</u> standard, and instead applies only the AEPA/<u>Chapman</u> standard. As the Court noted above, however, the AEDPA/<u>Chapman</u> standard is the more liberal harmless error standard, while <u>Brecht</u> is more demanding. Therefore, the Court finds no harm to Wigg in the R&R's use of the AEDPA/<u>Chapman</u> standard. The Court, upon <u>de novo</u> review, also finds the error did not have a "substantial and injurious effect" on the jury's determination at Wigg's trial.

As to the R&R's analysis of Wigg's second claim regarding the exclusion of Kinsler's expert testimony, the Court finds the

7

R&R applied both the AEDPA/Chapman standard and the Brecht standard. The R&R undertakes a thorough analysis of the statements offered at trial and ultimately concludes, "In light of the totality of evidence available [to] the jury which might have raised questions about the efficacy of the investigative interviews and the credibility of B.M.Y.'s testimony, there is no reasonable basis to conclude that the erroneous exclusion of the case specific testimony had a substantial and injurious effect on the outcome of Wigg's trial. Nor was the determination by the Vermont Supreme Court that the error was harmless contrary to, or an unreasonable application of, clearly established Federal law." Document 66 at 22-23.

The R&R does not, however, specify the party upon which it places the burden of persuasion. Precedent suggests the burden is on the State. See Fry, 127 S. Ct. at 2328 (advising courts "in virtual equipoise as to the harmlessness of the error under the Brecht standard, [to] treat the error as if it affected the verdict") (internal quotation omitted); see also Perkins v. Herbert, 537 F. Supp. 2d 481, 503 (W.D.N.Y. 2008) (placing burden on prosecution to show harmlessness under Brecht). The Court acknowledges the R&R appears to place the burden of persuasion on Wigg in the analysis of his third claim. See Document 66 at 26-27 ("[Wigg] has not demonstrated that the Vermont Supreme Court unreasonably applied clearly established federal law, nor has he

8

shown that the errors at his trial, either singly or in combination, had a substantial and injurious effect on the verdict."). Because it is not clear on whom the R&R places the burden of persuasion in the second claim, the Court will undertake de novo review.

The Court considers in its review the additional factors Wigg proposes in his Objection, which were drawn from the Supreme Court's decision in Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) and recently applied by the Second Circuit in Brinson v. Walker, 547 F.3d 387, 395 (2d Cir. 2008). As Wigg noted, Van Arsdall and Brinson involved the effect of an erroneous limitation on the defendant's cross-examination of a prosecution witness. Those facts are analogous to the facts here, where there was also an erroneous limitation on testimony favoring the defendant. The Van Arsdall factors include: "[1] the importance of the witness' testimony in the prosecution [or defendant]'s case, [2] whether the testimony was cumulative, [3] the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, [4] the extent of cross-examination otherwise permitted, and . . . [5] the overall strength of the prosecution's case." Brinson, 547 F.3d at 395 (citing Van Arsdall, 475 U.S. at 684). Upon de novo review, however, this Court finds the State has met its burden. The Court adopts the facts and analysis in the R&R, which show the

9

jury had the benefit of Dr. Kinsler's testimony about proper
interviewing techniques and defense counsel explicitly applied
the expert's testimony on cross-examination and again in his
argument.  The jury clearly had the benefit of the testimony.
While the Court recognizes Wigg's desire to have the testimony
offered by his expert, the Court cannot conclude this error had a
substantial and injurious effect on the verdict.

As to the R&R's analysis of Wigg's third claim regarding the
cumulative effect of the two errors, the Court finds the R&R
applied both the AEDPA/<u>Chapman</u> and the <u>Brecht</u> standards, but as
noted above, improperly placed the burden of persuasion on Wigg
to show the errors were harmless.  The Court therefore undertakes
<u>de novo</u> review of the claim.  Upon review, the Court adopts the
facts found and analysis in the R&R, finds the State has met its
burden and concludes the cumulative effect of the errors did not
have a substantial and injurious effect on the verdict.

3.    <u>Sufficiency of the R&R's Cumulative Impact Analysis</u>

Wigg also challenges the R&R's analysis of the errors'
cumulative impact on his trial.  He objects that "despite listing
some nine weaknesses in the State's case . . . the Report does
not explain how the State's case was strong enough so that the
jury would have convicted [him] even absent the cumulative effect
of the two recognized errors."  Document 67 at 18.  The Court
finds the R&R's analysis was sufficient.  The Court's role in

10

habeas review is not to "explain how the State's case was strong
enough," but rather to evaluate whether the cumulative effect of
the errors had "a substantial and injurious effect or influence
in determining the jury's verdict."  Upon de novo review, the
Court finds the R&R conducted a detailed review of the strengths
and weaknesses of the evidence offered at trial and considered
the cumulative effect of the errors in that context.  The Court
therefore adopts the facts found and analysis of the R&R, subject
to the modification (described in Section 2) shifting to the
State the burden of persuasion under Brecht.

III.  Conclusion

     The Report and Recommendation (Doc. 66) is AFFIRMED,
APPROVED and ADOPTED in part.  The Court finds Wigg properly
exhausted each of his claims before the state court.  Wigg's
habeas petition filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is
DENIED.  The Court REJECTS and MODIFIES the Report and
Recommendation to reflect the correct standard of review and
burden of persuasion.  See 28 U.S.C. § 636(b)(1).

     Pursuant to Fed. R. App. P. 22(b), the Court DENIES
petitioner a certificate of appealability ("COA") because the
petitioner failed to make a substantial showing of a denial of a
constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Court
rejects the petition on its merits because the petitioner has
failed to demonstrate that reasonable jurists would find the

11

Court's "assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473 (2000).

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 24th day of February, 2009.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge